IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

ALICIA KELLOGG-BORCHARDT and
JOHN BORCHARDT,

      Plaintiffs,

vs.                                                                         1:18-cv-01105-JHR-KK

MAZDA MOTOR CORPORATION,

      Defendant.

**MEMORANDUM OPINION AND ORDER ON DEFENDANT
MAZDA MOTOR COPRPORATION'S MOTION TO DISMISS**

THIS MATTER comes before the Court on Defendant *Mazda Motor Corporation's Motion to Dismiss for Improper Service and for Lack of Personal Jurisdiction*. [Doc. 2]. The Court, having considered the parties' submissions, the relevant law, and being otherwise fully advised in the premises finds that it lacks personal jurisdiction over Defendant Mazda Motor Corporation (Mazda Motor Corp.) and grants the Motion on that basis.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

This case arises from an automobile accident involving Plaintiff Alicia Kellogg-Borchardt. [Doc. 1, p. 10]. According to Plaintiffs, Mrs. Kellogg-Borchardt was driving a 2013 Mazda 3 on June 25, 2015, when she was struck by another vehicle causing her vehicle to roll. [*Id.*]. This accident occurred in New Mexico. [*Id.*]. Plaintiffs allege that Mrs. Kellogg-Borchardt suffered catastrophic injuries as a result of the accident. [*Id.*]. Plaintiffs filed suit against Mazda Motor Corp. in state court, advancing claims of strict products liability, negligence, breach of implied warranty of merchantability, and punitive damages. [Doc. 1, pp. 9-19]. Plaintiff John Borchardt,

Mrs. Kellogg-Borchardt's husband also asserted a loss of consortium claim relative to his wife's injuries. [Doc. 1, p. 18].

Plaintiffs filed their Complaint in the First Judicial District Court of the State of New Mexico, County of Santa Fe, on June 18, 2018. [Doc. 1, pp. 9-19]. Mazda Motor Corp. filed its *Notice of Removal* [Doc. 1] and *Motion to Dismiss for Improper Service and Lack of Personal Jurisdiction* on November 28, 2018 [Doc. 2]. Mazda Motor Corp. has withdrawn its argument for dismissal based on improper service. [Doc. 7, p. 1, n. 1; *see generally* Doc. 10]. Accordingly, the question of personal jurisdiction is the sole issue before the Court.

## II.     LEGAL STANDARD

Motions to dismiss under rule 12(b)(2) test the plaintiff's theory of personal jurisdiction as well as the facts supporting personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2); *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 153-54 (2d Cir. 1999) (holding that the court "must determine whether the defendant in fact subjected itself to the court's jurisdiction"). Where a defendant raises a timely challenge contesting personal jurisdiction, the plaintiff bears the burden of establishing that there is personal jurisdiction over the defendant and that the exercise of personal jurisdiction would not violate due process requirements. *See Overton v. United States*, 925 F.2d 1282, 1283 (10th Cir.1991). At this stage of the proceedings, it is not for the court to resolve disputed facts. S*ee Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 45 (1st Cir.2002). Rather, the court "must accept the plaintiff's (properly documented) evidentiary proffers as true for the purpose of determining the adequacy of the prima facie jurisdictional showing." *Id.* (internal quotation marks and citation omitted).

## III. ANALYSIS

### A. The Law Regarding Personal Jurisdiction

#### 1. Burden of Proof

"[W]hen the court's jurisdiction is contested, the plaintiff has the burden of proving jurisdiction exists." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir.1995). Where jurisdiction is "decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing" of facts that would support the assertion of jurisdiction. *Id.* "The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavit." *Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731, 733 (10th Cir. 1984). However, upon a defendant's presentation of credible evidence through affidavits or other materials suggesting the lack of personal jurisdiction, the plaintiff must come forward with sufficient evidence to create a genuine dispute of material fact on the issue. *See Doe v. Nat'l Med. Servs.*, 974 F.2d 143, 145 (10th Cir.1992). The Court will only weigh factual disputes in favor of the plaintiff if the plaintiff meets its burden of contesting the credible evidence presented by the defendant. *See Wenz v. Memery Crystal*, 55 F.3d at 1505; *Behagen*, 744 F.2d at 733.

Specific requirements apply to the exercise of personal jurisdiction over litigants which are not residents of the court forum. "The party seeking to establish personal jurisdiction over a foreign litigant must make two showings: first, that the exercise of jurisdiction is sanctioned by the state's long-arm statute; and second, that it comports with the due process requirements of the Fourteenth Amendment." *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir.2011). In New Mexico, the two factors collapse into one because New Mexico's long-arm "statute extends the jurisdictional reach of New Mexico courts as far as constitutionally permissible." *Tercero v. Roman Catholic Diocese of Norwich, Conn.*, 2002-NMSC-018, ¶ 6, 132 N.M. 312, 48 P.3d 50, 54.

Consequently, the Court "need not conduct a statutory analysis apart from the due process analysis." *Marcus Food Co.*, 671 F.3d at 1166 (internal quotation marks omitted).

### 2. Due Process and Personal Jurisdiction

The personal jurisdiction due process analysis consists of two steps. First, the Court considers "whether the defendant has such minimum contacts with the forum state that he should reasonably anticipate being haled into court there." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1159-60 (10th Cir. 2010) (internal quotation marks and citation omitted). A defendant may have minimum contacts with the forum state in one of two ways, providing in turn either general or specific personal jurisdiction. *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1532-33 (10th Cir. 1996) (internal quotation marks and citations omitted). In the second step, the Court considers whether exercising personal jurisdiction over the defendant comports with "traditional notions of fair play and substantial justice." *Employers Mut. Cas. Co.*, 618 F.3d at 1160.

#### i. Step 1 - Minimum Contacts

Depending on the character and extent of a defendant's contacts, a court may exercise general or specific personal jurisdiction. *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). "General jurisdiction is based on an out-of-state defendant's continuous and systematic contacts with the forum state, and does not require that the claim be related to those contacts." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1078 (10th Cir. 2008) (internal quotation marks and citation omitted). "Specific jurisdiction, on the other hand, is premised on something of a *quid pro quo*: in exchange for benefitting from some purposive conduct directed at the forum state, a party is deemed to consent to the exercise of jurisdiction for claims related to those contacts." *Id.* (emphasis in original) (internal quotation marks and citation

4

omitted). Thus, "[s]uch contacts may give rise to personal jurisdiction over a non-resident defendant either generally, for any lawsuit, or specifically, solely for lawsuits arising out of particular forum-related activities." *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir.2011).

Plaintiff concedes that the requirements for general jurisdiction are not met here. [Doc. 7, p. 3, n.2]. Accordingly, only the requirements of specific jurisdiction are at issue in this case. [*Id.*]. A court may assert specific jurisdiction "if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal quotation marks and citation omitted). This inquiry involves a two-part test: "[f]irst...the out-of-state defendant must have 'purposefully directed' its activities at residents in the forum state, and second,...the plaintiff's injuries must 'arise out of' defendant's forum-related activities." *Dudnikov*, 514 F.3d at 1071.

In the tort context, a defendant has purposefully directed his activities at New Mexico or its residents when it has: (i) taken intentional action; (ii) the action was expressly aimed at New Mexico; and (iii) the action was taken with the knowledge that the brunt of the injury would be felt in New Mexico. *See Dudnikov*, 514 F.3d at 1072. Moreover, the suit must arise out of or relate to the defendant's purposeful contacts with the state. *See Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017). "In other words, there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." *Id.* (internal quotation marks and citation omitted); *see Rudzewicz,* 471 U.S. at 472-473.

5

### ii. Step 2 - Traditional notions of fair play and substantial justice

Only if the Court finds minimum contacts with the forum under the first step of the due process analysis does it continue to the second step of the analysis: "whether the exercise of personal jurisdiction over the defendant offends traditional notions of fair play and substantial justice." *Employers Mut. Cas. Co.*, 618 F.3d at 1160 (internal quotation marks and citation omitted). At this stage the defendant bears the burden to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *See Dudnikov*, 514 F.3d at 1080. In deciding whether the exercise of jurisdiction would be fair the Court considers: "(1) the burden on the defendant, (2) the forum state's interests in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effectual relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states or foreign nations in furthering fundamental social policies." *Id.* (brackets omitted); *see also OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1095 (10th Cir. 1998) (applying these factors in a case involving a Canadian corporation).

### B. Plaintiff Has Not Shown Sufficient Minimum Contacts to Support the Exercise of Personal Jurisdiction Over Mazda Motor Corp.

In the instant case, personal jurisdiction is disputed, which places the burden of proving jurisdiction squarely upon Plaintiffs. *See Wenz*, 55 F.3d at 1505 ("[W]hen the court's jurisdiction is contested, the plaintiff has the burden of proving jurisdiction exists."). This requires Plaintiffs to "make a prima facie showing of facts that would support the assertion of jurisdiction." *Id.* (internal quotation marks and citation omitted). In support of their arguments for personal jurisdiction, Plaintiffs provide the title of the Mazda vehicle involved in the subject accident [Doc. 7-1], the Mazda Motor Corp. Annual Report from 2018 [Doc. 7-2], and a report titled *Mazda in Brief 2017, Year Ended March 31, 2017* [Doc. 7-3]. This evidence establishes the following

pertinent facts: (1) the subject vehicle was titled in California prior to February 2015 when it was titled by Mrs. Kellogg-Borchardt in New Mexico [Doc. 7-1]; (2) the subject vehicle was a 2013 model Mazda 3 [*Id.*]; (3) Mazda Motor Corp. manufactured automobiles in the United States through 2012 [Doc. 7-3, p. 6]; (4) Mazda Motor Corp. published a 2018 Annual Report which identified the United States as its "most important market" [Doc. 7-2, p. 3]; and (5) Mazda North America Operations, which is a generic organizational name which refers to Mazda Motor of America, Inc. and Mazda Motor de Mexico S. de R.L. de C.V. together, maintains research and development facilities in California and Michigan [Doc. 7-3, p. 4].

This evidence does not show that Mazda Motor Corp. purposely directed its activities at New Mexico residents or that the claims in this case arose from any such directed activities and is therefore insufficient to support Plaintiffs' argument for the exercise of personal jurisdiction in this case. *See Rudzewicz*, 471 U.S. at 472. Although Plaintiffs assert that Mazda Motor Corp. "operates extensively throughout the United States, actively engaging the national market in each state, including New Mexico" and engages in "advertising in New Mexico and marketing its products through dealers who have agreed to serve as sales agents in New Mexico" [Doc. 7, p. 9], evidence in the record does not bear this out. [*See generally* Doc. 7-1; Doc. 7-2; Doc. 7-3].

The 2018 annual report and the 2017 year-end report provided by Plaintiffs indicate that Mazda Motor Corp. is involved in marketing for the United States market, and that it is affiliated in some way with the Mazda North America Operations entities. [Doc. 7-2, pp. 4-5; Doc. 7-3, p. 4]. However, the reports only provide generalized information relative to the entities and do not indicate whether Mazda Motor Corp. plays any role in directing marketing to particular states. [Doc. 7-2; Doc. 7-3]. Moreover, the reports do not include any information as to the nature of the

affiliation between Mazda Motor Corp. and the Mazda North America Operations entities and associated dealerships. [*Id.*].

Plaintiff directs the Court to https://www.mazdausa.com/find-a-dealer, as evidence of purposeful direction by Mazda Motor Corp. through dealerships in New Mexico. [Doc. 7, p. 9, n. 4]. However, it appears from the record that the dealerships and the "find-a-dealer" website are affiliated with Mazda North American Operations, not Mazda Motor Corp., which operates in Japan. [Doc. 7-2; Doc. 7-3]. Citation to the website without any information concerning the nature of the affiliation between Mazda Motor Corp., and Mazda North American Operations and its dealerships is insufficient to show purposeful direction of activity by Mazda Motor Corp. to New Mexico. *See Asahi Metal Indus. Co. v. Superior Court of California, Solano Cty.*, 480 U.S. 102, 112 (1987) ("The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State. Additional conduct of the defendant may indicate an intent or purpose to serve the market in the forum State, for example, designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State. But a defendant's awareness that the stream of commerce may or will sweep the product into the forum State [by itself] does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State.").

Further, there are no facts establishing a link between any activity directed to New Mexico by Mazda Corp. and the accident which forms the basis of this litigation. *See World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286 (1980). In *World-Wide Volkswagen,* the Supreme Court underscored the importance that the plaintiff's injuries arise out of the defendant's forum-

related activities for purposes of establishing specific personal jurisdiction. *See id.* at 228. The claims at issue in that case arose from an automobile accident. *Id.* at 228. The owners of a newly purchased Audi were driving from New York, where it was purchased, to their new home in Arizona. *See id.* They were involved in an accident while driving through Oklahoma. *See id.* The vehicles' passengers sued the automobile retailer and its wholesaler, both of whom were New York corporations. *See id.* The suit was brought in Oklahoma where the accident occurred. *See id.* The Supreme Court held that there was no personal jurisdiction over the defendants in Oklahoma because the vehicle's presence in the forum arose from the unilateral acts of the Audi's owners, not from the defendant's contacts with the state. *Id.* at 295.

In a factually similar case, the United States District Court for the District of Idaho considered whether to exercise specific personal jurisdiction over Suzuki Motor Corporation (a Japanese Corporation) in a suit arising from an accident involving a motorcycle designed and manufactured by Suzuki Motor Corporation in Japan. *See Moseley v. Suzuki Motor of Am., Inc.*, No. 1:17-CV-00230-DCN, 2018 WL 539330, at *1 (D. Idaho Jan. 24, 2018). The Court found that the requirements for specific personal jurisdiction were not met because the plaintiffs failed to demonstrate ties between Suzuki Motor Corporation and Idaho specifically or explain how the motorcycle at issue, which was purchased in another state, came to be in Idaho. *See id.* at *3.

The vehicle at issue in the present case was purchased by Mrs. Kellogg-Borchardt from "a used car dealership" in New Mexico in 2015. [Doc. 7, p. 1]. Prior to being titled to Mrs. Kellogg-Borchardt in New Mexico in February 2015, the vehicle was titled in California. [Doc. 7-1]. There is no information in the record that indicates how the vehicle came to be in New Mexico or how its arrival in New Mexico could be linked to any contacts by Mazda Motor Corp. As such, there

9

is no factual support for the suggestion that underlying occurrence in this case arose from any contact between Mazda Motor Corp. and the state.

In sum, Plaintiffs have not shown that Mazda Motor Corp. had minimum contacts with New Mexico, and thus have not made a prima facie showing of facts that support the assertion of jurisdiction. *Wenz*, 55 F.3d at 1505; s*ee Dudnikov*, 514 F.3d at 1071 (recognizing that to show minimum contacts in the context of specific personal jurisdiction, "[f]irst...the out-of-state defendant must have purposefully directed its activities at residents in the forum state, and second,...the plaintiff's injuries must arise out of defendant's forum-related activities." (internal quotation marks and citation omitted)). Since this first step of the personal jurisdiction due process analysis is not met, the Court need not address the second step; "whether the exercise of personal jurisdiction over the defendant offends traditional notions of fair play and substantial justice." *Employers Mut. Cas. Co.*, 618 F.3d at 1160 (internal quotation marks and citation omitted).

### C. Limited Jurisdictional Discovery

Plaintiffs request that, if the Court finds that the exercise of personal jurisdiction is not supported, they be allowed to conduct limited jurisdictional discovery. [Doc. 7, pp. 17-18]. Plaintiffs bear the burden to prove they are entitled to such discovery. *See Breakthrough Mgmt. Group, Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1189 n.11 (10th Cir. 2010). Generally, "[w]hen a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion." *Budde v. Ling-Temco Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975). The court has discretion in deciding whether to grant jurisdictional discovery but abuses that discretion when a denial of discovery prejudices a litigant. *Sizova v. Nat. Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002). "A litigant is prejudiced where pertinent facts bearing on the question of jurisdiction are controverted ... or

where a more satisfactory showing of the facts is necessary." *Id.* (internal quotation marks and citation omitted).

Notably, Plaintiffs do not claim that they are entitled to limited jurisdictional discovery or that they would be prejudiced if such discovery was not permitted. [Doc. 7, pp. 17-18]. Rather, Plaintiffs contend that "the exercise of personal jurisdiction is plainly appropriate here." [*Id.*, p. 17]. Thus, Plaintiffs appear to argue that they have presented all the facts necessary to establish the propriety of the exercise of personal jurisdiction in this case. [*Id.* at pp. 17-18]. Consistent with this position, Plaintiffs have not articulated with specificity what facts could be obtained through jurisdictional discovery or how such facts would prevent prejudice to them. [*Id.*]. Accordingly, Plaintiffs' have not established that they are entitled to the requested discovery. *Breakthrough Mgmt. Group, Inc.*, 629 F.3d at 1189 n.11.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, The Court finds that it lacks personal jurisdiction over Mazda. Accordingly, *Mazda Motor Corporation's Motion to Dismiss for Improper Service and for Lack of Personal Jurisdiction* [Doc. 2] is GRANTED and Plaintiffs' request for limited jurisdictional discovery is DENIED.

IT IS SO ORDERED.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent